ORIGINAL

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Ted Broadfoot and Lisa Broadfoot, Individually, and as next Friend of Talon Broadfoot

## DEFENDANTS

Royal Consumer Information Products, Inc., et al

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U S PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U S PLAINTIFF CASES ONLY)
NOTE   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Andrew L. Payne
Howie & Sweeney, Blvd., Ste 1400
2911 Turtle Creek Blvd., Ste 1400
Dallas, TX 75219

Attorneys (If known)

RECEIVED
OCT 12 2004
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

3 04 CV 2200 - H

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

### CONTRACT
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability

### REAL PROPERTY
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

### TORTS

**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury

**PERSONAL INJURY**
- [ ] 362 Personal Injury— Med Malpractice
- [X] 365 Personal Injury — Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

### CIVIL RIGHTS
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 444 Welfare
- [ ] 440 Other Civil Rights

### PRISONER PETITIONS
- [ ] 510 Motions to Vacate Sentence
  Habeas Corpus.
- [ ] 530 General
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

### FORFEITURE/PENALTY
- [ ] 610 Agriculture
- [ ] 620 Other Food & Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 R R & Truck
- [ ] 650 Airline Regs
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

### LABOR
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Mgmt. Relations
- [ ] 730 Labor/Mgmt Reporting & Disclosure Act
- [ ] 740 Railway Labor Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Empl. Ret Inc. Security Act

### BANKRUPTCY
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

### SOCIAL SECURITY
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

### FEDERAL TAX SUITS
- [ ] 870 Taxes (U S. Plaintiff or Defendant)
- [ ] 871 IRS— Third Party 26 USC 7609

### OTHER STATUTES
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce/ICC Rates/etc
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 895 Freedom of Information Act
- [ ] 900 Appeal of Fee Determination Under Equal Access to Justice
- [ ] 950 Constitutionality of State Statutes
- [ ] 890 Other Statutory Actions

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U S Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity)

Title 28 U.S.C. § 1391 (a)(2) and/or (3)   Diversity

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P 23

DEMAND $ _____

CHECK YES only if demanded in complaint.
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
(See instructions)·
JUDGE _____   DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

ORIGINAL



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

OCT 1 2 2004

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | |
|---|---|
| TED BROADFOOT AND LISA BROADFOOT, INDIVIDUALLY, AND AS NEXT FRIEND TO TALAN BROADFOOT<br><br>Plaintiffs,<br><br>V.<br><br>ROYAL CONSUMER INFORMATION PRODUCTS, INC. (Defendant 1), OLIVETTI TECNOST, S.p.A. (Defendant 2), OLIVETTI TECNOST INTERNATIONAL B.V (Defendant 3), INTERNATIONAL SALES, INC. a/k/a INTERNATIONAL GROUP OF COMPANIES (Defendant 4) and TARGET CORPORATION (Defendant 5)<br><br>Defendants. | § § § § § § § § § § § § § § § § § § § § § § § |

**3 04CV2200.- H**

CIVIL ACTION NO. _____

## PLAINTIFFS' ORIGINAL COMPLAINT AND JURY DEMAND

TO THE HONORABLE COURT:

Plaintiffs, Ted Broadfoot and Lisa Broadfoot, Individually, and as next friend to

Talan Broadfoot ("Plaintiffs or Broadfoot") file their Original Complaint against

Defendants, Royal Consumer Information Products, Inc. ("Royal"), Olivetti Tecnost,

S.p.A. ("Olivetti"), Olivetti Tecnost International, B.V. ("Olivetti International"),

International Sales, Inc., a/k/a International Group of Companies, ("collectively

hereinafter "International") and Target Corporation ("Target"), and for cause-of-action

PLAINTIFFS' ORIGINAL COMPLAINT AND JURY DEMAND                    PAGE 1

respectfully show this Court as follows:

## Parties and Jurisdiction

1.      The amount involved in this action is in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.  This Court has jurisdiction of this case by the reason of the amount in controversy and by reason of a complete diversity of citizenship.

2.      Plaintiffs, Ted Broadfoot and Lisa Broadfoot, are the natural parents of Talan Broadfoot.  At all relevant times, Ted, Lisa and Talan Broadfoot  were and are residents of the State of Texas.

3.      Defendant, Royal Consumer Information Products, Inc., is a non-resident Delaware corporation engaged in and doing business in Texas.  Royal Consumer Information Products, Inc. may be served with process through its registered agent, via certified mail, return receipt requested or by personal service on: Corporation Trust Company, 820 Bear Tavern Road, Trenton, New Jersey 08628-0000 or any officer or registered agent that is authorized to accept service on behalf of Royal Consumer Information Products, Inc.

4.      Defendant, Olivetti Tecnost, S.p.A., is a foreign corporation with its headquarters located in Ivera, Italy.  Olivetti Technost, S.p.A. is the parent corporation and sole owner of Olivetti Tecnost International, B.V.  Olivetti Tecnost and Olivetti International control Royal to such an extent, that Royal is a sham or an illusion, and is merely the agent,

adjunct, alter-ego, joint enterprise, and marketing arm of Olivetti and Olivetti International. By virtue of Olivetti and Olivetti International's overwhelming control of Royal, the separate corporate veils of the various entities should be disregarded for purposes of this litigation and each be held liable for the actions of the other. Olivetti Tecnost, S.p.A. may be served with process via certified mail, return receipt requested, or by personal service through the Hague Convention or through any officers or persons authorized to accept service on their behalf. This service may occur at the following address: Olivetti Tecnost, S.p.A., via Jervis 77, 10015, Ivera (TO), Italy.

5.      Olivetti Tecnost International B.V. is a Dutch corporation. Olivetti International is the parent and sole owner of Royal, Olivetti and Olivetti International so control Royal, that Royal is a sham or an illusion, and is merely the agent, adjunct, alter-ego, joint enterprise, and marketing arm of Olivetti and Olivetti International. By virtue of Olivetti and Olivetti International's overwhelming control of Royal, the separate corporate veils of the various entities should be disregarded for purposes of this litigation and each be held liable for the actions of the other. Olivetti Tecnost International B.V. may be served with process by certified mail, return receipt requested, or by service through the Hague Convention, or through any officers or persons authorized to accept service on its behalf. This service may occur at Olivetti Tecnost International Nederland  B.V., Verbeekstraat 12 2332 CA Leiben, Postbus 11311 2301 EH Leiden Nederland.

6.      Defendant, International Sales, Inc., a/k/a International Group of Companies

("International") is an Illinois corporation with its principal place of business in Melrose Park, Illinois. International took part in the distribution, sale and marketing of the paper shredder at issue in this case. International may be served with process by serving its registered agent for service of process: Harlan D. Kahn, 150 North Wacker Driver, Ste. 1400, Chicago, Illinois 60606, or by serving its officer and president, Stephen Lowy, at 1941 Hawthorne, Melrose Park, Illinois 60160.

7.      Defendant, Target Corporation, is a foreign corporation engaged in and doing business in Texas, including the Northern District of Texas, Dallas Division. Target Corporation may be served with process by serving its registered agent for service of process: C.T. Corporation Systems, 350 North St. Paul, Dallas, Texas 75201.

## Venue

8.      At all times material to this incident, the Defendants were and are doing business in and through the Northern District of Texas.

9.      The incident made the basis of this suit occurred in the Northern District of Texas, Dallas Division.

10.     The Defendants, conduct business and sell their products in and throughout the Northern District of Texas, including the Dallas Division.

## Factual Background

11.     On October 24, 2003, Talan Broadfoot's hand was pulled into and trapped in a Royal ht500x 5-sheet cross-cut shredder; PCUA: 2909 5H-FE; UL Listed 200543.

12.   This paper shredder was designed, manufactured and/or marketed by the Defendants.

13.   On the day in question, Talan Broadfoot's hand was pulled into the Royal ht500x paper shredder because the same did not have an appropriate guard and did not contain clear and adequate warnings and the cutting teeth were located to closely to the mouth of the shredder.

14.   As a proximate result of the above-described product failure, Talan Broadfoot sustained serious and permanent injuries.

15.   The previously mentioned Olivetti, Royal, and Olivetti International Defendants are closely related, coordinated and integrated.  Specifically, they all worked together, as part of a common plan, in designing, developing, testing, evaluating, manufacturing, assembling, labeling, marketing, advertising, selling and distributing paper shredders, including the paper shredder involved in this civil action.

16.   At all times relevant to the causes of action asserted herein, the non-resident Defendants have had continuing and systematic contact with the State of Texas by delivering their products into the stream of commerce with the expectation that the products would reach consumers within the State of Texas.  Further, Royal and Target have had minimum contacts with Texas and are doing business in Texas, by, among other things: entering into contracts, by mail or otherwise, with residents of the State of Texas and contracting for performance in Texas, recruiting Texas residents for employment

inside and\or outside the state and committing torts in the State of Texas. The causes of action asserted herein arise from such contact and business. Finally, Olivetti and Olivetti International so control Royal that Royal is a corporate sham or illusion, and is merely an agent, adjunct and alter-ego of the Olivetti and Olivetti International such that the veils should be pierced. Alternative, Olivetti and Olivetti International are in a joint enterprise with and alter-egos for each other and Royal.

## Liability of Non-Manufacturing Sellers

17.    Pursuant to Texas Civil Practice and Remedies Code §82.003, Plaintiffs specifically plead the liability of non-manufacturing sellers. More specifically, the non-manufacturing sellers; (1) participated in the design of the product; (2) exercised substantial control over the content of warnings and instructions that accompany the product; the warnings and instructions were inadequate; and Plaintiffs' harm resulted from the inadequacy of the warnings and instructions; and (3) the manufacturer of the product is located in China and is not subject to the jurisdiction of the Court. For each of these reasons all of the named Defendants are ineligible for immunity under §82.003(a).

## Strict Products Liability

18.    The paper shredder at issue in this suit was designed, manufactured, constructed, marketed and\or distributed by and through the agents and\or representatives of the Defendants.

19.    The Defendants were all regularly engaged in the business of supplying or placing

products, like the paper shredder in question, in the stream of commerce for use by the consuming public, including the Broadfoot family. Further, such conduct was solely for commercial purposes.

20.    The paper shredder in question remained unchanged from the time it was originally manufactured, distributed and sold by Defendants until it reached the Broadfoot family and ultimately led to Talan Broadfoot's serious and permanent injuries. Stated another way, the paper shredder in question was defective and in an unreasonably dangerous condition when it left the hands of each of the Defendants and remained defective and unreasonably dangerous at all times thereafter until it ultimately caused Talan Broadfoot's serious and permanent injuries.

21.    At the time the paper shredder was placed into the stream of commerce, it was, or should have been, reasonably expected and foreseeable that the paper shredder would be used by persons such as the Broadfoot family in the manner and application in which it was being used at the time Talan Broadfoot sustained his serious and permanent injuries.

22.    With respect to the design of the paper shredder, at the time it left the control of any and all of the Defendants, there were safer alternative designs. Specifically, there were alternative designs that, in reasonable probability, would have prevented or significantly reduced the risk of injury to Talan Broadfoot. Furthermore, such safer alternative designs were economically and technologically feasible at the time the product left the control of any and all the Defendants by the application of existing or reasonably

achievable scientific knowledge.

23.    At the time the paper shredder left control of any and all Defendants, it was defective and unreasonably dangerous in that it was not adequately designed, manufactured or marketed to minimize the risk of injury.  By way of example and without limitation, the product in question was unreasonably, dangerously defective in the following ways:

a.    the paper shredder in question was unreasonably, dangerously, defectively designed in that there was inadequate guarding to prevent a child's hand from being pulled into the shredder.  This made the paper shredder unreasonably, dangerously, defectively designed for the shredder's intended and reasonably foreseeable uses;

b.    the paper shredder in question was unreasonably, dangerously, defectively designed in that the autostart feature coupled with an inadequate guard can pull a child's hand into the shredder.  This made the shredder unreasonably, dangerously, defectively designed for the shredder's intended and reasonably foreseeable uses;

c.    the paper shredder in question was unreasonably, dangerously, defectively designed in that there is no release button or unlock to allow for easy extrication of jammed objects.  This made the paper shredder unreasonably, dangerously, defectively designed for the shredder's intended and reasonably foreseeable uses;

d.    the paper shredder in question was unreasonably, dangerously, defectively designed in that the paper shredder's cutting blades are located too close to the mouth of the shredder. This made the paper shredder unreasonably, dangerously, defectively designed for its intended and reasonably foreseeable uses;

e.    the paper shredder in question was unreasonably, dangerously, defective in that it did not contain adequate instructions or warnings on the proper and safe use of the paper shredder and did not instruct or warn as to the manner to avoid risks and danger involved.  Moreover, the shredder did not warn

**PLAINTIFFS' ORIGINAL COMPLAINT AND JURY DEMAND**                                    **PAGE 8**

that a child's hand could be pulled into the cutting blades. These failures made the paper shredder unreasonably, dangerously, defective for its intended and reasonably foreseeable uses; and

f.     the paper shredder in question was unreasonably, dangerously, defective in that it fails to warn of the risks, nature and extent of danger associated with the reasonably foreseeable home uses of the shredder; and the shredder was unreasonably, dangerously, defective in that the warnings and instructions provided, if any, were not any form that could reasonably be expected to catch the attention of the reasonably prudent person in circumstances of the product's intended or reasonably foreseeable uses.

24.    The above unreasonably dangerous defects in the paper shredder was the proximate and producing cause of Talan Broadfoot's serious and permanent injuries and damages.

## Negligence and Gross Negligence

25.    Defendants have a duty to manufacture, distribute and sell products that are not unreasonably dangerous. Defendants, acting by and through their agents and/or representatives breached this duty and were thereby negligent and grossly negligent, careless and reckless in designing, manufacturing, marketing, distributing and selling the paper shredder in question. As a proximate result of one or more of the aforementioned negligent and grossly negligent acts or omissions of Defendants, Plaintiffs sustained serious and permanent injuries and damages.

## Damages

26.    The unlawful acts and practices described above are and were a producing and proximate cause of Talan Broadfoot's serious and permanent injuries. Those damages include, but are not limited to: physical pain and mental anguish sustained in the past and that will, in reasonable probability be sustained in the future; loss of earning capacity that, in reasonable probability, will be sustained in the future; disfigurement sustained in the past and that, in reasonable probability, will be sustained in the future; physical impairment sustained in the past and that, in reasonable probability, will be sustained in the future; and medical care in the past and medical care that, in reasonable probability, will be sustained in the future.

27.    With respect to Ted and Lisa Broadfoot, and in addition to the items detailed above, they are entitled to receive damages for Talan Broadfoot's past medical expenses and those future medical expenses up to his 18th birthday.

## Exemplary Damages

28.    Defendants' unlawful acts and practices constitute gross negligence due to the Defendants' intentional failure to design, manufacture and market a product in accordance with acceptable industry standards and in reckless disregard of the consequences. The conduct of Defendants was consciously and voluntarily committed and has proximately caused the damages stated herein. As a result, Plaintiffs are entitled to recover exemplary damages.

PLAINTIFFS' ORIGINAL COMPLAINT AND JURY DEMAND                                  PAGE 10

## Jury Demand

29.     Plaintiffs respectfully request that a jury be impaneled to decide the factual issues of this case.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer herein, and that upon final trial, Plaintiff have judgment against Defendants for those damages described above and in the full amounts allowed by law, specifically including, but not limited to:

a.      A judgment in excess of the jurisdictional limits of this Court;

b.      pre-judgment interest;

c.      post-judgment interest;

d.      costs and expenses; and

e.      all such other relief, whether at law or in equity, to which Plaintiffs may show themselves justly entitled.

PLAINTIFFS' ORIGINAL COMPLAINT AND JURY DEMAND                              PAGE 11

Respectfully submitted,

ANDREW L. PAYNE
State Bar Card No. 00791416
**HOWIE & SWEENEY, L.L.P.**
Suite 1400, Park Place on Turtle Creek
2911 Turtle Creek Boulevard
Dallas, Texas 75219
(214) 523-8800
Telecopier (214) 523-8888

**ATTORNEY FOR PLAINTIFFS**